UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT CARRILLO,<br><br>Defendant. | No. 2:12-cr-00185-TLN<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant Robert Carrillo's ("Defendant") Motion to Enjoin Prosecution or Dismiss the Indictment for Violation of Congressional Spending Limits. (ECF No. 272.) The government has filed an opposition and Defendant has replied. (ECF Nos. 284, 292.) Additionally, the government filed a supplemental brief in opposition with information obtained after it filed its opposition. (ECF No. 302.) For the reasons discussed below, the Court orders an evidentiary hearing on the issue of whether Defendant can demonstrate he was operating in strict compliance with California law.

///
///
///
///
///

1

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Defendant, a member of the Purple Lotus Patient Center ("Purple Lotus"), cultivated plots of marijuana on a property on Helltown Road in Butte County ("Property"). (ECF No. 272 at 4.) Defendant rented the Property on behalf of Purple Lotus from the Cheal family. (ECF No. 272 at 4.) Two members of the family are co-defendants in this case. (ECF No. 272 at 4.)

On October 3, 2011, Sergeant Collins of Butte County's Sheriff Department conducted a 215 compliance check of ten plots on the Property and did not report any deficiencies. (ECF No. 272 at 4.) On October 12, 2011, law enforcement officers stopped Nadeem Khan ("Khan"), the third co-defendant in this case, while he was transporting nearly one ton of marijuana from the Property. (ECF Nos. 272 at 4; 284 at 7.) Khan later pled guilty and admitted to participating in a large-scale marijuana cultivation operation on the Property, being employed by Purple Lotus to transport processed marijuana to the Purple Lotus dispensary, and being compensated for his work with marijuana. (ECF No. 284 at 11, citing ECF No. 120, Ex. A at A-1.)

On October 14, 2011, law enforcement officers executed a search warrant for the Property. (ECF Nos. 272 at 4; 284 at 9.) Both Robb and Ryan Cheal, the owners of the Property, later pled guilty and admitted they leased the Property, comprised of over 2,000 acres, to Carrillo for $100,000 to grow marijuana. (ECF No. 284 at 11) (citing ECF Nos. 235 at A-1; 253 at A-1.)) The Cheals also "admitted that participants took harvested marijuana from the [Property] for a profitable distribution in San Jose." (ECF No. 284 at 11, citing ECF No. 235 at A-1.)

Defendant is charged with three counts of violations of federal laws: Count 1—Conspiracy to Manufacture and Possess with Intent to Distribute marijuana; Count 2—Possession with Intent to Distribute marijuana; and Count 3—Manufacture of marijuana plants. (ECF No. 1 at 1.) Defendant moves for an injunction, arguing the prosecution violates Congress's prohibition that the Department of Justice may not expend funds to prosecute individuals who cultivate marijuana in compliance with state medical marijuana laws. (ECF No. 272 at 3.) The government argues Defendant was not in strict compliance with California laws as required under Ninth Circuit precedent to enjoin federal prosecution. (ECF No. 284 at 6.)

///

## II. STANDARD OF LAW

"Since December 16, 2014, congressional appropriations riders have prohibited the use of any [Department of Justice ("DOJ")] funds that prevent states with medical marijuana programs (including California) from implementing their state medical marijuana laws." *United States v. Kleinman*, 880 F.3d 1020, 1027 (9th Cir. 2017); Consolidated Appropriations Act, 2016, Pub. L. No. 114–113, § 542, 129. Stat. 2242, 2332–33 (2015). The funding prohibition remains in effect through September 30, 2018. *See* Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, § 538, 132 Stat. 348, 444–45 (2018).

"In 1996, California voters approved the Compassionate Use Act ("CUA"), which decriminalized possession and cultivation of marijuana for medical use. In 2003, the California legislature enacted the Medical Marijuana Program ("MMP"), permitting qualified patients to form collectives for the cultivation and distribution of medical marijuana." *Kleinman*, 880 F.3d at 1027 (citing Cal. Health & Safety Code §§ 11362.5, 11362.7–11362.9). "Federal law, however, still prohibits the use or sale of marijuana, even if distributed and possessed pursuant to state-approved medical marijuana programs." *Id.* (citing *United States v. McIntosh*, 833 F.3d 1163, 1179 n.5 (9th Cir. 2016) ("Anyone in any state who possesses, distributes, or manufactures marijuana for medical or recreational purposes (or attempts or conspires to do so) is committing a federal crime.")).

In *McIntosh*, the Ninth Circuit addressed the effect of the appropriations rider on prosecutions for violations of federal marijuana laws in states with laws that permit the use of medical marijuana and held an injunction may be appropriate "to enjoin the DOJ from *spending funds* from the relevant appropriations acts on such prosecutions." *McIntosh*, 833 F.3d at 1172. The court noted that these prosecutions "prevented the state from giving practical effect to its law providing for non-prosecution of individuals who engage in the permitted conduct." *Id.* at 1177. The Ninth Circuit added that "[i]f DOJ wishes to continue these prosecutions, Appellants are entitled to evidentiary hearings to determine whether their conduct was completely authorized by state law, by which we mean that they strictly complied with all relevant conditions imposed by state law." *Id.* at 1179.

### III. ANALYSIS

Defendant argues he complied with California's Compassionate Use Act of 1996, which "decriminalized the cultivation and use of marijuana by seriously ill individuals" and also complied with the Medical Marijuana Program Act, which sets guidelines for use of medical marijuana and the "qualified right to collective and cooperative cultivation of marijuana." (ECF No. 272 at 6.) Defendant argues he satisfies his "minimal burden" by raising a reasonable doubt about whether he complied with California's medical marijuana laws, and that the burden then shifts to the government to prove its case beyond a reasonable doubt. (ECF No. 272 at 16–17.)

The government acknowledges a defendant may be entitled to evidentiary hearings to determine whether his conduct was in strict compliance with applicable laws. (ECF No. 284 at 12.) The government argues Defendant is not entitled to an injunction because he cannot demonstrate he strictly complied with either California law or Butte County Ordinance 4029 (which Defendant argues was not in effect at the relevant time). (ECF Nos. 284 at 12; 292 at 1–2.) The government also argues Defendant cannot demonstrate strict compliance because California law prohibits being armed while cultivating marijuana, and the government received a photograph of Defendant armed with a handgun during the cultivation. (ECF No. 302 at 2.) The government argues Defendant bears the burden of proof by a preponderance of the evidence. (ECF No. 284 at 13–16.) Finally, the government objects to portions of Defendant's expert report as containing conclusions of law, speculations about facts, lack of qualifications, and requests expert discovery under Rule 16(b)(1)(C). (ECF No. 284 at 19–20.)

The Court will address the following three issues: whether Defendant is entitled to an evidentiary hearing; which party bears the burden of proof and the standard for meeting that burden; and expectations for a hearing.

#### A. Defendant Is Entitled to an Evidentiary Hearing

Defendant argues he operated in compliance with California state law and thus he is entitled to an evidentiary hearing on whether his conduct complied with state law. (ECF No. 272 at 13, 28.)

///

The government argues the Defendant would likely not prevail in a *McIntosh* hearing. (ECF No. 284 at 12.) The government argues Defendant's briefing did not provide proof that Purple Lotus was in "strict compliance" with city and county licensing and registration requirements. (ECF No. 284 at 17.) The government argues the co-defendants in the case have presented proof in the form of admissions, which this Court accepted, of the operation's failure to comply with all laws, including Khan's transportation of a quantity of marijuana that violated state health and safety codes. (ECF No. 284 at 16.) Finally, the government argues Butte County passed an ordinance in May 2011 restricting the cultivation of marijuana by establishing setbacks, registration requirements, and requiring that all growers be Butte residents. (ECF No. 284 at 21.) The government argues Defendant did not comply with these requirements and therefore will not be able to demonstrate strict compliance at a hearing. (ECF No. 284 at 22.)

Defendant replies to this last argument by noting that although the ordinance did pass in May 2011, a petition challenging it was presented in June 2011, which was certified in July 2011, and the ordinance was then suspended. (ECF No. 292 at 2.) Defendant notes the Butte County Board of Supervisors placed the ordinance on the June 2012 ballot, and argues the ordinance was, therefore, not in effect at the time of the alleged offense in October 2011. (ECF No. 292 at 2.)

Under Ninth Circuit precedent, a defendant seeking to enjoin prosecution for violation of federal marijuana law based on the defendant's compliance with the state's medical marijuana law is entitled to an evidentiary hearing to determine whether his conduct strictly complied with state law. *McIntosh*, 833 F.3d at 1179; *see also United States v. Daleman*, No. 1:11-CR-00385-DAD-BAM, 2017 WL 1256743, at *4 (E.D. Cal. Feb. 17, 2017) (parties agreed the defendant was entitled to an evidentiary hearing); *United States v. Gentile*, No. 1:12-cr-00360-DAD-BAM, 2017 WL 1437532, at *6 (E.D. Cal. Apr. 24, 2017) ("As conceded by the government, upon request, defendant Gentile was entitled to an evidentiary hearing on the issue of strict compliance with California law governing medicinal marijuana…"); *United States v. Pisarski*, 274 F. Supp. 3d 1032, 1035 (N.D. Cal. Aug. 8, 2017) ("According to *McIntosh*, such defendants are entitled to an evidentiary hearing in order to demonstrate their strict compliance with state medical marijuana law…"); *United States v. Silkeutsabay*, 678 F. App'x 608, 609–10 (9th Cir. 2017)

(unpublished) (vacating and remanding to the district court for failure to hold an evidentiary hearing at which it may have found under a reasonable reading of state law the defendants did not possess a greater quantity of marijuana plants than allowed).

Defendant here, like those in *Daleman* and *Gentile*, is charged with violations of federal marijuana law—conspiracy, manufacture, and possession with intent to distribute—which California may not prosecute if Defendant acted in strict compliance with state law.

Courts have found a defendant is not entitled to an evidentiary hearing when the defendant is accused of conduct to which the limiting language of the appropriations bill does not apply. *United States v. Gilmore*, 886 F.3d 1288, 1290 (9th Cir. 2018) (affirming the district court's denial of an evidentiary hearing because the alleged grow site was on federal land and "[s]ection 538 does not limit the government's ability to enforce federal drug laws on federal land"); *Kleinman*, 880 F.3d at 1028–29 (finding § 542 did not apply to counts for conspiracy to distribute marijuana and conspiracy to commit money laundering, as both counts "involved marijuana sales to out-of-state customers in violation of California law"). In an unpublished opinion, the Ninth Circuit determined a post-conviction defendant was not entitled to an evidentiary hearing regarding the DOJ's expenditure of funds opposing his appeal. *United States v. Gloor*, 725 F. App'x 493, 495 (9th Cir. Feb. 20, 2018). The Court found the defendant had already presented his evidence at trial and the trial record "clearly demonstrates that [the defendant] did not strictly comply with Washington's medical marijuana laws…" *Id*. Here, the alleged grow site is located on private property. (ECF No. 284 at 11.) Additionally, the case has not yet gone to trial, so Defendant has not yet presented his evidence.

Defendant is charged with violations California would not prosecute if he were in strict compliance with state law and he requested an evidentiary hearing on the issue. (ECF No. 272 at 28.) Accordingly, the Court orders an evidentiary hearing to determine whether Defendant was in strict compliance with state law and the DOJ should be enjoined from expending further funds.

          B.      <u>Defendant Bears the Burden of Proof by a Preponderance of the Evidence</u>

The Ninth Circuit has not addressed which party bears the burden of proof in a *McIntosh* hearing or what that burden is. *Gilmore*, 886 F.3d at 1291 n.1 ("The parties argue over the

burden of proof applicable at a *McIntosh* hearing, but because § 538 does not apply in this case, we leave that issue for another day."). Courts in this district have held that at a *McIntosh* evidentiary hearing the defendant bears the burden of proof of strict compliance with state law. *Daleman*, 2017 WL 1256743, at *3; *Gentile*, 2017 WL 1437532 at *8. The courts based their decision on "(1) the plain text of the appropriations rider; (2) the traditional rule considering the allocation of the burden of proof which, 'based on considerations of fairness, does not place the burden upon a litigant of establishing facts particularly within the knowledge of his adversary[.]'; and (3) the general rule 'that the proponent of a motion bears the burden of proof.'" *Id.* (citation omitted); *Gentile*, 2017 WL 1437532 at *8 (adopting the standard and reasoning from *Daleman*).

Courts in this district have determined the defendant must prove strict compliance by a preponderance of the evidence, reasoning a *McIntosh* hearing is "similar to other ancillary proceedings outside the criminal trial where a preponderance of the evidence standard is employed." *Daleman*, 2017 WL 1256743 at *4; *Gentile*, 2017 WL 1437532 at *8; *see also Pisarski*, 274 F. Supp. 3d at 1036 ("In order to prevail on their motion, defendants bear the burden of proving, by a preponderance of the evidence, that 'their conduct was completely authorized by California law.'"). Accordingly, the Defendant bears the burden of proof by a preponderance of the evidence of his strict compliance with state laws.

### C. Expectations for the Evidentiary Hearing

The purpose of the evidentiary hearing is to determine strict compliance with state law, not to present a "defense." Throughout his brief, Defendant discusses his "medical marijuana defense." (*e.g.* ECF No. 272 at 14 ("This minimal burden is the one that California law places on defendants in state court who assert a medical marijuana defense."); ECF 272 at 26 ("The moving defendant easily satisfies their minimal burden to be entitled to present the medical marijuana defense.").) Courts have been clear that a *McIntosh* hearing is not an opportunity for the defendant to present an affirmative defense, nor is the purpose of the hearing to determine guilt or innocence. *Daleman*, 2017 WL 1256743 at *4 ("Although the court rejected any notion that by seeking to enjoin the expenditure of funds on his prosecution defendant is raising an affirmative defense to the pending federal charges, this conclusion that the preponderance of the evidence

standard applies is consistent with the burden of proof imposed upon a defendant in presenting an affirmative defense.") The purpose of a *McIntosh* evidentiary hearing is to determine whether a defendant is entitled to an injunction barring the DOJ from expending funds on his prosecution because to do so would be a violation of the appropriations rider. *McIntosh*, 833 F.3d at 1179.

The government raised concerns regarding Defendant's expert's report and proposed testimony and requested expert discovery under Federal Rule of Criminal Procedure 16(b)(1)(C). (ECF No. 284 at 20.) Defendant states "[h]e needs adequate *Brady* material, discovery, and other evidence to meet his burden." (ECF No. 272 at 28.) The parties are to exchange discovery as required prior to the evidentiary hearing.

Finally, at the evidentiary hearing, the parties will address the issues raised by one party to which the other party has not yet had the opportunity to respond. Specifically, the parties will address whether Butte County Ordinance 4029 was suspended at the relevant time as argued by Defendant in his reply, and whether the photo submitted by the government in its supplemental brief shows what the government purports it shows.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby orders an evidentiary hearing on the issue of whether Defendant can demonstrate he was operating in strict compliance with California law. The evidentiary hearing will take place on September 27, 2018, at 1:30 p.m. in Courtroom 2.

IT IS SO ORDERED.

Dated: September 26, 2018

Troy L. Nunley
United States District Judge