|   |   |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:12-cr-00185-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| ROBERT CARRILLO, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

This matter is before the Court on the Government's Motion for a Trial Date or Declaration of Fugitive Status. (ECF No. 372.) Defendant Robert Carrillo ("Defendant") did not file an opposition. For the reasons set forth below, the Court DENIES the Government's motion to set a trial date. To the extent the Government seeks to have Defendant declared a fugitive for purposes of excluding time under the Speedy Trial Act, however, the request is GRANTED. The Court finds Defendant has been absent or unavailable within the meaning of 18 U.S.C. § 3161(h)(3)(A) since his failure to appear on February 14, 2020, and any period of delay resulting from the absence or unavailability of Defendant is therefore excluded from the Speedy Trial Act.

///

///

///

1

## I.     Factual and Procedural Background

On May 17, 2012, a grand jury returned an indictment charging Defendant and his co-conspirators with various drug trafficking crimes.  (ECF No. 37.)  Since then, the Court has regularly excluded time from the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h) and Local Code T-4 and, where appropriate, other applicable provisions of the statute.  Such exclusions covered up to April 23, 2020.  (ECF No. 362.)

On February 10, 2020, Magistrate Judge Newman issued an order placing Defendant's continued pretrial release status before the duty magistrate judge for February 14, 2020.  (ECF No. 363.)  On February 14, 2020, Magistrate Judge Delaney held a hearing for Defendant's initial appearance on a pretrial services petition alleging violation of his release conditions.  (ECF No. 364.)  Defendant never appeared on February 14, 2020.  As a result, Magistrate Judge Delaney issued a no-bail warrant for Defendant's arrest.  (ECF No. 365.)

On April 21, 2020, the Court reset an April 23 status conference on the matter to June 4, 2020. (ECF No. 366.)  The minute order did not expressly exclude additional time from the Speedy Trial Act.  The Government filed the instant motion on April 24, 2020.  (ECF No. 372.)

## II.     Standard of Law

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."  U.S. Const. amend. VI.  "The right to a speedy trial attaches when a criminal proceeding is initiated, including when the defendant is indicted." *United States v. Myers*, 930 F.3d 1113, 1118 (9th Cir. 2019).  Further, the Speedy Trial Act requires the trial of an indicted defendant within 70 days of arraignment.  18 U.S.C. § 3161(c)(1).

"In determining when the constitutional right is violated, the Supreme Court has rejected any rigid approaches or clearly defined rules." *Id.*  "Instead, the Court has adopted 'a balancing test, in which the conduct of both the prosecution and the defendant are weighed.'" *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).  The *Barker* test establishes four factors to be balanced: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."  407 U.S. at 530.

///

### III.  ANALYSIS

In its motion, the Government moves to set a trial within the time allowed by the Speedy Trial Act, which in this case expires on July 1, 2020. (ECF No. 372 at 1.) More specifically, the Government requests this Court set a date for a jury trial to begin on or before June 29, 2020. (*Id.*) Alternatively, the Government seeks a finding by this Court that Defendant has been a fugitive since February 14, 2020, and therefore any period of delay resulting from the absence or unavailability of Defendant is excluded from the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(3)(A). (*Id.*)

As a preliminary matter, it bears mentioning that the Court has recently issued several general orders as part of a concerted, district-wide effort to slow the spread of COVID-19 without unduly hindering this district's operations. The Court's general orders exist alongside local and state-wide "stay-at-home orders" government officials have enacted in response to the COVID-19 pandemic. On May 13, 2020, the Court issued General Order 618 ("G.O. 618"), which closes the Court "until further notice" and provides in relevant part:

> In criminal cases before the District Judges, the assigned District Judge may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020, the court's subsequent declaration of a judicial emergency based on 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this court's judicial emergency for an additional one-year period and suspending the time limits of 18 U.S.C. § 3161(c) until May 2, 2021, with additional findings to support the exclusion in the Judge's discretion.

Based on G.O. 618, the existence of state and local "stay-at-home orders," and the rapidly evolving and unprecedented nature of the COVID-19 pandemic, a trial date in June is highly unrealistic.

However, the Court need not and does not invoke G.O. 618 at this time because there is another basis for denying the Government's motion. Under 18 U.S.C. § 3161(h)(3)(A), "[a]ny period of delay resulting from the absence or unavailability of the defendant" is excludable for the purposes of the Speedy Trial Act. A defendant is "absent" when he attempts to "avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence." 18

3

U.S.C. § 3161(h)(3)(B). A defendant is "unavailable" when "his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." *Id.*

In the instant case, there is an outstanding no-bail warrant for Defendant's arrest based on his failure to appear at his February 14, 2020 hearing regarding his alleged pretrial release violation. Arguably the Government "has some obligation . . . to find a fugitive defendant and bring him to trial," but "[t]here is no requirement that law enforcement officials 'make heroic efforts to apprehend a defendant who is purposefully avoiding apprehension.'" *United States v. Sandoval,* 990 F.2d 481, 485 (9th Cir. 1993). There is no evidence suggesting the Government is not using due diligence to locate Defendant. Moreover, it is clear from the record that Defendant — who was arraigned in 2012 — is "well aware of the indictment against him," which suggests he is actively avoiding prosecution. *Id.*

Based on the information before the Court and absent any argument or evidence to the contrary, the Court finds Defendant has been absent or unavailable within the meaning of 18 U.S.C. § 3161(h)(3)(A) since his failure to appear on February 14, 2020. *See id.* at 484 ("A true fugitive, whose location is unknown, or who is successfully resisting government efforts to bring him into the jurisdiction, will not be able to obtain dismissal of an indictment. This is as it should be. Otherwise, the courts would be sanctioning the playing of games by fugitives."); *see also Barker*, 407 U.S. at 536 ("[B]arring extraordinary circumstances, we would be reluctant indeed to rule that a defendant was denied this constitutional [speedy trial] right on a record that strongly indicates . . . that the defendant did not want a speedy trial.") (citation omitted).

/ /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### IV. CONCLUSION

For the foregoing reason, the Court DENIES the Government's Motion for a Trial Date. (ECF No. 372.) However, to the extent the Government seeks to have Defendant declared a fugitive for purposes of excluding time under the Speedy Trial Act, that request is GRANTED. The Court finds Defendant has been absent or unavailable within the meaning of 18 U.S.C. § 3161(h)(3)(A) since his failure to appear on February 14, 2020, and any period of delay resulting from the absence or unavailability of Defendant is therefore excluded from the Speedy Trial Act.

IT IS SO ORDERED.

DATED: May 19, 2020

Troy L. Nunley
United States District Judge